UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.

MELISSA N. CHONG,

    Plaintiff,

v.

INVESTMENT RETRIEVERS, INC.,
NATHAN A. SCHWARTZ, P. A., and
NATHAN A. SCHWARTZ,

    Defendants.

_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because Defendants filed a state court suit against Plaintiff in this District.

## PARTIES

3. Plaintiff, MELISSA N. CHONG, is a natural person, and, at the time of the allegations herein was a citizen of the State of Florida, residing in Orange and in Miami-Dade County, Florida.

4. Defendant, INVESTMENT RETRIEVERS, INC., ("IR") is a corporation formed under the laws of the State of California with its principal place of business at Suite 160, Glenn Drive, Folsom, California 95630.

5. IR is a citizen of the State of California.

6. IR is registered with the Florida Department of State, Division of Corporations as a foreign corporation. Its registered agent for service of process is Corporation Service Company, 1201 Hayes Street, Tallahassee, Florida 32301.

7. IR sends tens of hundreds of letters to debtors annually seeking to collect debts.

8. IR files hundreds of lawsuits annually seeking to collect debts.

9. IR regularly uses the US mail, email and the telephone in the collection of debts.

10. IR's sole business is the collection of debts.

11. All of IR's income arises from the collection of debts.

12. IR is registered with the Florida Office of Financial Regulation as a consumer collection agency.

13. Defendant, NATHAN A. SCHWARTZ, P. A.,, ("Schwartz PA") is a corporation formed under the laws of the State of Florida with its principal place of business at Suite 305, 5255 North Federal Highway, Boca Raton, Florida 33487.

14. Schwartz PA is a citizen of the State of Florida.

15. Schwartz PA is registered with the Florida Department of State, Division of Corporations as a domestic corporation. Its registered agent for service of process is

Nathan A. Schwartz, Suite 305, 5255 North Federal Highway, Boca Raton, Florida 33487.

16. Schwartz PA sends tens of hundreds of letters to debtors annually seeking to collect debts due to other parties.

17. Schwartz PA files scores of lawsuits annually seeking to collect debts due to other parties.

18. Schwartz PA regularly uses the US mail, email and the telephone in the collection of debts due to other parties.

19. Schwartz PA's sole business is the collection of debts due to other parties.

20. All of Schwartz PA's income arises from the collection of debts.

21. Defendant, NATHAN A. SCHWARTZ, ("Schwartz") is a natural person, citizen of the State of Florida, and member of the Florida Bar.

22. Schwartz sends tens of hundreds of letters to debtors annually seeking to collect debts due to other parties.

23. Schwartz files scores of lawsuits annually seeking to collect debts due to other parties.

24. Schwartz regularly uses the US mail, email and the telephone in the collection of debts due to other parties.

25. Schwartz's sole business is the collection of debts due to other parties.

26. All of Schwartz's income arises from the collection of debts.

## **FACTUAL ALLEGATIONS**

27. Defendants sought to collect from Plaintiff an debt arising from the alleged financing of an automobile purchase from Lake Nissan, "the alleged debt".

28. Plaintiff used the automobile for her own personal, family and household purposes.

29. Plaintiffs alleged debt went into default.

30. After the alleged debt went into default, IR acquired the rights to the alleged debt.

31. Thereafter, IR retained Schwartz PA and or Schwartz as independent contractors for the purpose of collecting the alleged debt.

32. On or about November 6, 2019, IR, with Defendants Schwartz and Schwartz PA, acting as its counsel, filed a breach of agreement suit against Plaintiff in state court in Lake County, Florida seeking to collect the alleged debt. See Complaint, attached as Exhibit "A".

33. On or about January 29, 2020, IR telephoned Plaintiff directly seeking payment for the alleged debt. In that call Plaintiff informed IR that she had retained counsel and gave IR the name of her counsel.

34. On or about February 19, 2020, Plaintiff's counsel filed a notice of appearance in the Lake County suit, which informed all Defendants that Plaintiff was represented by counsel.

35. On February 24, 2020, IR telephoned Plaintiff directly, not her counsel, in an effort to collect the alleged debt.

36. At the time of the February 24, 2020 telephone call, IR knew Plaintiff was represented by counsel and knew or could readily determine counsel's identity.

37. On December 9, 2020, IR filed a dismissal of the Lake County suit, attached as Exhibit "B".

38. The dismissal makes a false representation to a tribunal and to Plaintiff . It reads in relevant part:

> Plaintiff, through counsel, hereby files this Voluntary Dismissal and states that this case be and is hereby dismissed without prejudice with each side to bear its own costs and attorneys fees".

Dismissal, Exhibit "B"

39. Defendants falsely represented in the dismissal that they had the power and authority to dismiss the Lake County suit and require Plaintiff to bear her own attorney fees when she was prevailing party in a breach of agreement case.

40. Using authoritative language the dismissal states that case is "hereby" dismissed and falsely states that each side shall bear its own costs and attorney fees when Plaintiff did not agree to any such terms.

41. Plaintiff incurred actual damages including attorney fees as a result of Defendants' actions.

## COUNT I
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2) AGAINST IR

42. Plaintiff incorporates Paragraphs 1 through 41.

43. In its February 24, 2020 telephone call, IR communicated directly with Plaintiff when it knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against IR for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF Fla. Stat. §559.72 (18) AGAINST IR

44. Plaintiff incorporates Paragraphs 1 through 41.

45. Defendant, IR, communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72 (18).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## FALSE STATEMENTS AGAINST ALL DEFENDANTS

46. Plaintiff incorporates Paragraphs 1 through 41.

47. Defendants falsely represented that it had the power and authority to dismiss the Lake County suit and require Plaintiff to bear her own attorney fees when she was prevailing party in a breach of agreement case in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.


DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
don@donyarbrough.com


Donald A. Yarbrough, Esq.
Florida Bar No. 0158658